IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-46-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| CHRISTOPHER OWEN CLAPP, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an investigator with the Wake County Sheriff's Office assigned as a task force officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother, and a letter from his employer indicating that defendant still had his job available to him if released. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a one-count indictment on 19 February 2013 with possession of a firearm by a convicted felon on 18 July 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924.

The evidence presented at the hearing showed that on the alleged offense date defendant and another man were in the vicinity of an alleged home invasion (in which defendant was ultimately not implicated). An officer approached them because they were wearing relatively heavy clothing for that time of year (for defendant, a hooded sweatshirt), all black in color. Defendant's companion submitted to a pat down without incident (although he had stepped behind a vehicle when the officer was approaching and a firearm was later found there), but defendant fled when the officer felt an object in defendant's waistband, which defendant said was a cell phone. When defendant did not stop in response to the officer's warning that he would release a canine if he did not stop, the officer released the canine from his car, which eventually stopped defendant's flight. A firearm and gloves were found where the canine first engaged defendant and a Darth Vader mask with defendant's fingerprints was found along the escape route, which the police believe defendant had thrown while running. Defendant had a felony conviction at the time for common law robbery. About two weeks later, on 2 August 2012, while on pretrial release for the state charges arising from the 18 July 2012 incident, he committed an attempted common law robbery (pled down from attempted robbery with a dangerous weapon) to which he later pled guilty.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including defendant's flight from the scene, his and his companion's manner of dress (including defendant's possession of gloves and a mask) suggestive of their intent to engage in robbery or other offense conduct with the aid of firearms,

2

Case 5:13-cr-00046-BR   Document 15   Filed 04/01/13   Page 2 of 4

and the potential term of imprisonment defendant faces if convicted; defendant's criminal record, including the 2 felony convictions noted (both committed while on pretrial release), 6 misdemeanor convictions, 1 probation revocation, commission of 2 offenses while on probation, and 3 failures to appear (all told, each of defendant's convictions, other than his first, occurred while he was on pretrial release or probation and/or was associated with a failure to appear); the danger of continued gun-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the regular absence of the proposed custodian (and her husband) from the home for fulltime work, the inability of the proposed custodian to deter defendant from criminal activity, the presence in the home of defendant's brother who has an extended criminal record, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, including defendant's apparent compliance with the conditions of his state parole (for the attempted common law robbery) since it began on 6 January 2013 and his ability to return to his prior employment. It finds, however, that the factors favoring detention outweigh such evidence, including his history of offense conduct during prior periods of release and his commission of offense conduct while employed indicating that it does not deter him from criminal activity.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 1st day of April 2013.

James E. Gates
United States Magistrate Judge